IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JERMELLE RODRIQUEZ HOLLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-089 |
| | ) | (Formerly CR 105-047) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Jermelle Rodriquez Hollins filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

I.  **BACKGROUND**

On April 8, 2005, a grand jury in the Southern District of Georgia charged Petitioner in an eighteen-count indictment involving six co-defendants, with (1) in Count One, conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); and (2) Count Four, possession with intent to distribute a quantity of cocaine hydrochloride, in violation of 21 U.S.C. 841(a)(1). United States v. Hollins, CR 105-047,

doc. no. 3 (S.D. Ga. Apr. 8, 2005) (hereinafter "CR 105-047"). The Court appointed attorney James B. Ellington to represent Petitioner, and on August 1, 2006, Petitioner pleaded guilty to Count Four in the indictment. Id., doc. nos. 78, 221, 222, 237.

After the jury verdict, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-two, Criminal History Category at VI, and Guidelines term of imprisonment at 210 to 262 months. PSI ¶¶ 27, 41, 59. Petitioner's total offense level was based on the amount of cocaine hydrochloride involved in the offense conduct and was not enhanced due to a career offender designation under § 4B.1 of the Sentencing Guidelines or any other provision. PSI ¶¶ 18, 27. At sentencing on May 30, 2007, United States District Judge Dudley H. Bowen, Jr., imposed a sentence of 235 months of imprisonment. CR 105-047, doc. nos. 262, 267. Petitioner did not file a direct appeal.

Judge Bowen later reduced the sentence from 235 months to 180 months imprisonment when granting a motion by the government for downward departure. Id., doc. nos. 302, 315. On January 12, 2015, Petitioner moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) due to retroactive changes in the guidelines. Judge Bowen granted the motion which further reduced Petitioner's sentence from 180 months to 144 months imprisonment. Id., doc. nos. 352, 354

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime

2

that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing that the ruling in Johnson applies to his case. (See generally doc. no. 1.) Petitioner does not argue that he was sentenced under the statutory provisions of the ACCA and gives no further rationale as to why Johnson might apply to him.

## II. DISCUSSION

### A. Johnson Does Not Apply to Petitioner.

As explained above, Petitioner was not sentenced under the statutory provisions of the ACCA, did not receive a career offender enhancement under § 4B.1, and did not receive any other enhancement incorporating a "residual clause" that might make Johnson potentially applicable. Further, Petitioner's crime of conviction was not 18 U.S.C. § 924(c) which also contains a "residual clause," though substantially different from the one involved in Johnson. Because Johnson does not apply to Petitioner's case, Petitioner's motion, filed nine years after his conviction became final, is untimely and without merit. Further, because Johnson is inapplicable to his conviction, Petitioner's motion, entirely predicated on Johnson, should be dismissed.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of August, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA